UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>LUIS RODRIGUEZ,<br><br>*Defendant.* | No. 3:18cr162 (MPS) |

**RULING ON MOTION FOR COMPASSIONATE RELEASE**

The defendant, Luis Rodriguez, who is serving a sentence of imprisonment at FCI Danbury, has filed a motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment and immediate release from custody due to the dangers posed by the COVID-19 virus. (ECF No. 552.) The government opposes the request. (ECF No. 574.) For the reasons that follow, Mr. Rodriguez's motion is denied.

On October 9, 2019, Mr. Rodriguez was sentenced to 36 months of imprisonment for conspiracy to distribute and to possess with intent to distribute heroin, fentanyl, cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (ECF No. 339.) The defendant stipulated that the offense involved approximately 250 grams of heroin and 50 grams of fentanyl. (ECF No. at 194.) On November 15, 2019, Mr. Rodriguez entered Bureau of Prisons' custody. He has served 10 months and his projected date of release is August 29, 2021.[1]

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce

---

[1] See the Federal Bureau of Prisons website, https://www.bop.gov/inmateloc/

the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Under this section, as modified by the First Step Act of 2018, Pub. L. No.115-391, 132 Stat. 5239, I am free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Because Mr. Rodriguez – and not the Bureau of Prisons ("BOP") – brings the instant motion, I am not bound by the Sentencing Commission's outdated policy statement applicable to Section 3582(c)(1)(A), see U.S.S.G. § 1B1.13, which the Second Circuit recognized as only applying to motions for sentence reduction brought by the BOP. *Id.* ("hold[ing] that Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act . . ."; rather, this Guideline "only [applies] to those motions that the BOP has made" under this Act).

Therefore, I may reduce Mr. Rodriguez's term of imprisonment if (1) he has fully exhausted his administrative remedies or 30 days have passed from receipt of his request by the Warden, and (2) I find, after considering the Section 3553(a) factors, that "extraordinary and compelling reasons warrant" a reduction of his terms of imprisonment.

Mr. Rodriguez has met the exhaustion requirement because he has submitted evidence of his requests dated April 20, 2020 and June 2, 2020 to the warden for compassionate release due to his health concerns and the COVID-19 pandemic (ECF No. 553-7 at 1 and 8) and the BOP's

denials. (ECF No. 553-8 at 1, 2.) Accordingly, Mr. Rodriguez has exhausted his administrative remedies.

As to the merits of Mr. Rodriguez's motion, however, I find that he has not shown that there exist "extraordinary and compelling reasons" to reduce his term of imprisonment and grant his release.

Mr. Rodriguez, who is 34 years old, argues that he is especially vulnerable to COVID-19 because he suffers from "[b]radycardia, premature ventricular contractions, and an 'undiagnosed and treated cardiac condition.'" (ECF No. 553 at 1.) The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions are at an increased risk of severe illness from COVID-19.[2] Those conditions include "serious heart conditions such as heart failure, coronary artery disease, or cardiomyopathies." Mr. Rodriguez has not shown he meets this criteria.

Prior to his incarceration, an EKG in June 2018 indicated "sinus rhythm with frequent premature ventricular complexes and premature supraventricular complexes with aberrancy." (ECF No. 553-1.) According to his presentence report dated August 30, 2019, Mr. Rodriguez reported that he was in "good health overall." (ECF No. 279.) The PSR makes no mention of heart issues.

Mr. Rodriguez's EKG in November 2019 indicated that his heart rate was 53 beats per minute and assessed his sinus rhythm as "slow." (ECF No. 553-2 at 48.) On December 2, 2019 the BOP's Health Services cleared Mr. Rodriguez for work and found that he had no restrictions. (ECF No. 553-2 at 33.) December 27, 2019 records noted that Mr. Rodriguez has

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last checked September 29, 2020)

"bradycardia"[3] and should have "[a] repeat EKG in 2 months."  (ECF No. 553-2 at 3.)

An EKG in February 2020 was normal.  (ECF No. 553-2 at ¶ 7.)

When seen on June 25, 2020, Mr. Rodriguez reported "random tight chest pain." (ECF No. 553-5 at 5.)  He could not state how often it occurred.  He said that he exercised frequently and did not have chest pain or shortness of breath during or following exercise.  On June 29, 2020, an EKG indicated "sinus rhythm slow, left-precordial ST elevation consider acute ischemia." (ECF No. 553-5 at 20.)

On July 9, 2020, Mr. Rodriguez complained of chest pain.  Notes state that he "needs an echocardiogram and cardiology consult to determine cause for EKG abnormality. EKG shows s-t segment elevation from leads v2 through v6. He has no murmurs or gallops, no bruits." (ECF No. 553-5 at 2.)  He was assessed with "Chest pain, unspecified" and "Heart disease, unspecified" – "abnormal findings on EKG- leads V2-V6."  (ECF No. 553-5 at 4.)  Notes dated July 14, 2020 indicate "Patient had ekg - has non-specific changes - needs a re-check in 1 month."  (ECF No. 553-5 at 1.)

Mr. Rodriguez's heart issues do not rise to the requisite level of a "serious heart condition[] such as heart failure, coronary artery disease, or cardiomyopathy[y]."  The record indicates that Mr. Rodriguez's heart condition is being monitored and he is not on any medication for this condition.  Mr. Rodriguez has not demonstrated that he is in the class of medically vulnerable inmates for whom COVID-19 presents an increased risk of severe illness.

Further, consideration of the § 3553(a) factors weighs against release in this case.  The Court already weighed these factors when it imposed the original term of imprisonment only

---

[3] Bradycardia is a slower than normal heart rate. The hearts of adults at rest usually beat between 60 and 100 times a minute.  An individual with bradycardia has a heart beat that is slower than 60 beats a minute.  https://www.mayoclinic.org/diseases-conditions/bradycardia/symptoms-causes/syc-20355474

ten months ago. In the context of the present motion, the task is not to "second guess or to reconsider whether the original sentence was just," but to assess whether this situation is the unusual case in which "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020). I conclude that they are not.

Mr. Rodriguez was part of a drug trafficking organization that was selling large amounts of heroin and fentanyl in the Hartford area. (ECF No. 279, PSR at ¶¶ 16-19.) In addition, there was evidence that he attempted to broker a gun and, in fact, his fingerprint was detected on a gun that law enforcement recovered. (ECF No. 396 at 27.) These facts informed the Court's consideration when it imposed sentence in October 2019. Mr. Rodriguez has not even served half of his sentence. To release him at this time would be inconsistent with the § 3553(a) factors, and in particular, would not reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Having carefully considered the record in this case, including Mr. Rodriguez's medical records and the Presentence Report, and having applied the Section 3553(a) factors, I cannot find that there are extraordinary and compelling reasons warranting a reduction in Mr. Rodriguez's term of imprisonment. I therefore deny his motion for release (ECF No. 552).

IT IS SO ORDERED.

Dated: Hartford, Connecticut
September 30, 2020

_____/s/_____
Michael P. Shea, U.S.D.J.